[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ORDER REGARDING CONFIDENTIAL INFORMATION ISSUED ON MOTION (#154)
It is hereby ORDERED:
1. Any party or non-party from whom discovery is sought may designate as "Confidential Information" any documents, testimony or other discovery materials that such party or non-party in good faith believes contains trade secrets or sensitive or proprietary personal, commercial, financial, or business information. "Confidential Information," as used in this Order, shall refer to any so designated documents, testimony, or other discovery materials and all copies thereof, and shall also refer to the information contained in such materials.
2. Discovery material may be designated as Confidential Information by the following means.
a. In the case of documents and the information contained therein, by placing the legend "Confidential" on each page deemed confidential.
b. In the case of interrogatory answers and the information contained therein, by means of a statement at the conclusion of such answers specifying the answers or parts thereof deemed CT Page 1788 confidential and by placing the legend "Confidential" on the first page of the answers.
c. In the case of the depositions and the information contained therein, including exhibits, designation as Confidential Information shall be made by a statement to such effect on the record during the course of the deposition identifying the portion of the testimony and any exhibits deemed confidential or by a written statement to such effect made within thirty days after receipt of the transcript of the deposition. The transcript of any such deposition shall bear the legend "Confidential" on the first page and all pages containing testimony deemed confidential.
3. Any "Confidential" designation that is inadvertently omitted may be corrected by written notification to opposing counsel made promptly after discovery of the omission. Discovery materials produced prior to the entry of this Order may be designated confidential by written notification to opposing counsel within thirty days of the entry of this Order.
4. Confidential Information shall be maintained in confidence by the party to whom such information has been produced and shall be used solely for purposes of preparing for and conducting this action (including appeals) and not for any business or other purpose whatsoever. Use of Confidential Information for any purpose other than preparing for and conducting this action may be punishable by contempt in addition to any other remedies available. Confidential Information shall not be disclosed to any person except:
(a) the parties to this action and their employees;
(b) the Court and its officers;
(c) counsel of record and employees of counsel of record;
5. This confidentiality obligation shall not extend to Confidential Information that the receiving party can demonstrate with written evidence (a) is or becomes known or available to the public without fault of the receiving party, (b) was in the receiving party's possession prior to its receipt from the other party, or (c) is or becomes rightfully available to the receiving party from a source in lawful possession of the Confidential Information who is not under an obligation of confidentiality. CT Page 1789
6. Counsel of record shall maintain, pending the conclusion of this litigation, all undertakings that such counsel obtains from third parties pursuant to paragraph 4 hereof.
7. Nothing in this Order shall be taken as indicating that any discovery materials are in fact confidential or entitled to confidential treatment. Any party may at any time seek an order from the Court determining that specified discovery materials or categories of discovery materials are not entitled to be treated as confidential. Further, nothing in this Order shall waive any right a party or non-party may have to withhold information on any lawful ground.
8. In the event that a non-designating party is requested pursuant to, or required by, applicable law or regulation or by legal process to disclose any Confidential Information to a third party, the non-designating party agrees that it will provide the designating party or non-party with prompt notice of such request(s) to enable the designating party or non-party to seek an appropriate protective order or to waive compliance by the non-designating party with the provisions of this Order.
9. All discovery material, whether designated Confidential Information or not so designated, shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose.
10. At the conclusion of this case, all Confidential Information produced by a party or a nonparty from whom discovery is sought, including Confidential Information disclosed to third parties pursuant to paragraph 4 hereof, and all copies of such Confidential Information, shall be returned to the party or non-party from whom the Confidential Information was obtained.
11. This Order is entered into without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions hereof for good cause shown, subject to the requirement that notice be given to any non-party that has produced Confidential Information. The parties may suspend the application of this Order to particular circumstances by mutual agreement in writing on the record in open court, provided that agreement shall also be required from any non-party who has produced Confidential Information to CT Page 1790 suspend or relax the terms hereof with respect to Confidential Information produced by such non-party.
SO ORDERED on this 8th day of February 2000
By the Court,
HARRIGAN, J.
 Undertaking Regarding Confidential Information Covered By Protective Order Dated February, 2000
The undersigned hereby acknowledges that he/she has read the Protective Order Regarding Confidential Information dated January _____, 2000 and entered in the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford, in the action entitled Mary M. Alderman v. Rhenus H. Alderman III, No. FA-98-0166007S. that he/she understands the terms thereof that he/she agrees to be bound by such terms, and that he/she agrees to submit to the jurisdiction of the Connecticut Superior Court for purposes of securing compliance with such Stipulation and Protective Order.
_________________ _________________________ Date Signature
Name (print): ___________________________
Address: ______________________________
______________________________
Telephone: ______________________________